UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Miguel Zubiate,

Defendant.

18-cr-442 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Defendant Miguel Zubiate has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, this motion is DENIED.

I.    BACKGROUND

On February 13, 2019, Defendant pleaded guilty to participating in a conspiracy to distribute and possess with intent to distribute heroin, a lesser included offense of Count Three of the S2 superseding indictment, which charged Defendant with participating in a conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and cocaine. *See* Dkt. No. 80; *see also* Dkt. No. 54. Pursuant to the plea agreement, Defendant stipulated to relevant drug weights of 2.27 kilograms of heroin, 281.1 grams of fentanyl, and 2.6 kilograms of cocaine. He also stipulated that the offense involved the possession of a firearm and that he maintained a stash house.

On July 25, 2019, Defendant appeared before this Court for sentencing. The Court determined that the sentencing guidelines range applicable to Defendant's conduct was 151 to 188 months' imprisonment, with an applicable mandatory minimum term of 60 months' imprisonment. *See* Sentencing Tr. at 6. The Court then sentenced Defendant to 102 months' imprisonment—varying substantially from the guidelines range to take account of the history and

1

characteristics of Defendant—to be followed by four years of supervised release. *Id.* at 35; *see also* Dkt. No. 90.

Defendant, who has been detained since he was arrested on March 20, 2018, *see* Dkt. No. 3; Dkt. No. 84 at 2, is currently housed at FCI Fort Dix. His projected release date is June 17, 2025. On May 19, 2020, the Court received a letter motion for compassionate release dated April 30, 2020 and filed by Defendant *pro se*. *See* Dkt. No. 109. Upon receipt of this letter motion, the Court reappointed Defendant's former CJA counsel to represent him for the purpose of his compassionate release motion, *see* Dkt. No. 110, and she supplemented his letter motion on May 29, 2020, *see* Dkt. Nos. 115, 116. Defendant seeks compassionate release because his underlying medical conditions make him particularly vulnerable to COVID-19. The Government opposed Defendant's motion on June 4, 2020. *See* Dkt. No. 117.

## II.  DISCUSSION

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). The compassionate-release statute creates one such exception: It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release. *See United States v. Gotti*, No. 02-cr-743 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020); *United States v. Gross*, No.

15-cr-769 (AJN), 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020). Defendant has filed such a motion.

Before the Court may modify a term of imprisonment, a defendant usually must satisfy the statute's administrative exhaustion requirement. One avenue to doing so is if there is a "lapse of 30 days from the receipt of . . . a request [for the BOP to bring a compassionate release motion] by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant represents that he made such a request on May 10, 2020, and his counsel submitted a letter to the Warden of FCI Fort Dix on May 26, 2020, following up on Defendant's May 10 request and making a second request for compassionate release on his behalf. *See* Dkt. No. 115 at 3; Dkt. No. 116-1. Despite the apparent lapse of 30 days from Defendant's original request made on May 10, the BOP reports that it does not have this request on file. Dkt. No. 115 at 3. But even assuming that Defendant has satisfied the exhaustion requirement, his motion would still be denied on the merits for the reasons set forth below.

To award Defendant the relief he seeks, the Court must find that "extraordinary and compelling reasons warrant" compassionate release, 18 U.S.C. § 3582(c)(1)(A)(i), and that release is consistent with the Sentencing Commission's policy statements, *id.* § 3582(c)(1)(A). The Court must further consider the factors set forth in 18 U.S.C. § 3553(a). *Id.* § 3582(c)(1)(A).

The Court first considers whether "extraordinary and compelling reasons warrant . . . a reduction" in sentence and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence." *United States v. Butler*, No. 19-

3

cr-834 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020).  The applicable policy statement, U.S.S.G. § 1B1.13, and its corresponding commentary outline four circumstances that constitute "extraordinary and compelling reasons" and thus warrant a sentence reduction.[1]  One of these circumstance exists where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

The Government concedes that Defendant has "satisfied the extraordinary and compelling circumstances prong of the compassionate release analysis."  Dkt. No. 117 at 6.  Indeed, it is undisputed that Defendant suffers from at least one medical condition—severe obesity—that places him at a higher risk for severe illness were he to contract COVID-19.  *See* Dkt. No. 115 at 6; Dkt. No. 117 at 6; *see also* Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html ("Severe obesity, defined as a body mass index (BMI) of 40 or above, puts people at higher risk for complications from COVID-19.").  And his continued incarceration increases the likelihood that will happen.  *See United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020); *United States v.*

---

[1] U.S.S.G. § 1B1.13 references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *United States v. Ebbers*, No. 02-cr-1144 (VEC), 2020 WL 91399, at *1, 4 (S.D.N.Y. Jan. 8, 2020).  The majority of courts have concluded that since passage of the First Step Act, courts may make their own assessment of whether "extraordinary and compelling" reasons warrant a sentence reduction.  *See, e.g., United States v. Millan*, No. 91-cr-685 (LAP), 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) (citing cases).

*Gross*, No. 15-cr-769 (AJN), 2020 WL 1862251, at *3 (S.D.N.Y. Apr. 14, 2020). However, the Court cannot say that Defendant—who was engaged in a substantial narcotics business, trafficking in large quantities of cocaine and heroin laced with fentanyl and possessing a handgun while doing so—does not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The Court next considers the factors set forth in 18 U.S.C. § 3553(a) and concludes that granting Defendant's motion would be inconsistent with that statute. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed . . . medical care . . . in the most effective manner." 18. U.S.C. § 3553(a).

Because this Court sentenced Defendant, it is intimately acquainted with how these factors apply to his circumstances. As the Court noted at Defendant's sentencing, the underlying conduct here was very serious. He was engaged in a substantial narcotics business, trafficking in large quantities of heroin laced with deadly fentanyl, as well as cocaine. Sentencing Tr. at 32. He supplied street-level drug dealers out of his apartment, where narcotics paraphernalia and a handgun were found. *Id.* at 32–33. The Court concluded that the extremely dangerous nature of the drugs Defendant was trafficking warranted a serious and substantial punishment in order to protect the public, promote respect for the law, and afford adequate deterrence. *Id.* at 33. The Court also noted that the possession of a handgun further necessitated a sentence sufficient to protect the public, and that specific deterrence was especially necessary because Defendant's prior federal narcotics conviction

5

was insufficient to deter him from committing a subsequent narcotics offense. *Id.* Having determined that a serious and substantial sentence was necessary, the Court nonetheless varied substantially below the guidelines range of 151 to 188 months, taking into account the history and characteristics of Defendant, and ultimately sentenced Defendant to 102 months' imprisonment to be followed by four years of supervised release. *Id.* at 6, 33–35.

Defendant's compassionate release motion now seeks a nearly three-quarters reduction of this sentence. However, for all of the reasons stated at Defendant's sentencing and articulated again above, reducing his sentence to the roughly 26.5 months he has already served would substantially undermine the § 3553(a) factors, as such a sentence would not reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, or protect the public from further crimes of Defendant. The Court does not reach this conclusion lightly and takes seriously the very real risk that COVID-19 poses to incarcerated individuals, like Defendant, who suffer from underlying medical conditions. But the combination of the COVID-19 pandemic and Defendant's medical conditions does not overcome the fact that the dramatic reduction in sentence Defendant seeks here is inconsistent with the weight and force of the other § 3553(a) factors considered by the Court. Furthermore, Defendant's efforts at rehabilitation, which the Court commends and encourages, do not alter the Court's prior weighing of the § 3553(a) factors, because the Court *already* accounted for these efforts at sentencing in its significant variance from the applicable guidelines range. *See* Sentencing Tr. at 34.

In light of the foregoing, and Defendant's arguments to the contrary notwithstanding, the Court concludes that, on balance, granting Defendant's motion for compassionate release would be inconsistent—indeed, would substantially undermine—the § 3553(a) factors. Accordingly, his motion is DENIED.

## III. CONCLUSION

For the reasons articulated above, Defendant's motion for compassionate release is DENIED. This resolves Dkt. No. 115.

SO ORDERED.

Dated: June 12, 2020
New York, New York

_____

ALISON J. NATHAN
United States District Judge