UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



United States of America,

–v–

Miguel Zubiate,

              Defendant.

18-cr-442 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Defendant Miguel Zubiate's motion to reconsider this Court's denial of compassionate release, Dkt. No. 119, and his renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Dkt. Nos. 128, 130. After Mr. Zubiate filed his renewed motion *pro se*, the Court appointed counsel. *See* Dkt. Nos. 128-29. Appointed counsel subsequently filed a supplemental motion, which the Government opposed. Dkt. Nos. 130, 132. Defendant did not file a reply. *See* Dkt. No. 135. For the reasons that follow, the Court DENIES Mr. Zubiate's motions.

    The Court previously denied a counseled motion for compassionate release on the basis that Mr. Zubiate continued to pose a threat to the community and the balance of the § 3553(a) factors weighed against compassionate release. *United States v. Zubiate*, No. 18-cr-442 (AJN), 2020 WL 3127881, at *2-3 (S.D.N.Y. July 12, 2020) (citing U.S.S.G. § 1B1.13(2) and 18 U.S.C. § 3553(a)). Mr. Zubiate subsequently filed a *pro se* motion to reconsider that decision. Dkt. No. 119. However, he filed the letter more than a month after the Court's Order, making the request untimely. *See* Local Criminal Rule 49.1 (requiring a motion for reconsideration to be filed within fourteen days). Even if the request had been timely, Mr. Zubiate frankly states that he seeks reconsideration because disagrees with this Court's "results and the reasoning." Dkt. No.

1

119 at 1. The relitigation of issues is insufficient to justify a motion to reconsider. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (cleaned up)). Accordingly, the Court denies Mr. Zubiate's request to reconsider its prior Order denying compassionate release.

As for Mr. Zubiate's renewed motion for compassionate release, he argues that an outbreak at Fort Dix warrants disturbing this Court's prior balancing of the § 3553 factors. Dkt. No. 130 at 2-3. This is the only change in circumstance alleged by Mr. Zubiate since this Court's prior opinion. For the reasons stated in the Government's letter in opposition, the Court concludes that this circumstance does not warrant Mr. Zubiate's immediate release. Indeed, Mr. Zubiate does not contest that "there have been no confirmed cases in the minimum security camp where the defendant is housed." Dkt. No. 132 at 4. Moreover, while the Court continues to be sensitive to the dangers and hardships posed by COVID-19, the magnitude of these concerns has changed as BOP now offers inmates the opportunity to be vaccinated against COVID-19.

Accordingly, the Court continues to conclude for the same reasons stated in its prior opinion that Mr. Zubiate is a danger to the community and a reduced sentence would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. *See Zubiate*, 2020 WL 3127881, at *3. As noted in the prior opinion, Defendant ran a substantial narcotics business, trafficked in large quantities of cocaine and heroin laced with fentanyl, possessed a handgun while doing so, and was undeterred from criminal conduct by his prior narcotics conviction—such conduct warranted a serious and substantial sentence. The Court varied

substantially below the guidelines range of 151 to 188 months in imposing a sentence of 102 months' imprisonment.  To grant Mr. Zubiate compassionate release when he has served less than half of his sentence would drastically undermine the aims of § 3553(a).

Accordingly, the Court DENIES Defendant's motion for relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, so in forma pauperis status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

This resolves Dkt. Nos. 121, 128, 130.[1]

The Clerk of Court is respectfully directed to mail a copy of this Order to the Defendant and to note that mailing on the docket.

SO ORDERED.

Dated: October 7, 2021
       New York, New York

                                                               ALISON J. NATHAN
                                                               United States District Judge

---

[1] The Court notes that there is also a pending motion to vacate under 28 U.S.C. § 2255. The Court will rule on Mr. Zubiate's petition in due course.